UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**MICHAEL MILAM**　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**A/K/A HAROLD MICHAEL MILAM**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:24-CV-103-GNS**

**LEVI SCOTT et al.**　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff sues two Kentucky state troopers in both their official and individual capacities – Levi Scott and Zachery Scott. He also sues "Unknown Actors, Post 15." Plaintiff first alleges that Defendants Levi Scott and Zachery Scott retaliated against him in December 2021. Plaintiff next alleges that Defendant Zachery Scott violated his constitutional rights by falsifying investigative reports and providing false testimony before a grand jury causing him to be indicted on a sexual assault charge for which he was eventually acquitted. Plaintiff alleges that Defendant Zachery Scott took these actions in retaliation for Plaintiff filing a lawsuit against other state troopers who worked at "Post 15." Plaintiff also alleges that he learned in October 2023 that property taken from him during his arrest had been lost. As relief, Plaintiff states that he seeks a fast and speedy trial and "no double jeopardy." The Court also broadly construes the complaint as seeking damages.

## II.

Under § 1915(e)(2)(B), the trial court must review and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the

2

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official-Capacity Claims

As state troopers, Defendants Levi Scott and Zachery Scott are state officials. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Thus, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendants Levi Scott and Zachery Scott

The Court next turns to Plaintiff's allegation that Defendants Levi Scott and Zachery Scott violated his constitutional rights in December 2021 when they turned off his "recording device," a phone, and took his computer. Plaintiff states that Defendants took these actions when they learned he was "recording them on Facebook." The Court construes these allegations as asserting a First Amendment retaliation claim.

To state a First Amendment retaliation claim, a plaintiff must allege facts showing that (1) he engaged in protected conduct, (2) the defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct, and (3) the defendants were motivated, at least in part, to take the adverse action because of the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam).

3

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Conversely, federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

In a recent published case, the Sixth Circuit stated, "The Supreme Court has explained that the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'" *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted). In Reguli, the court describes this "standard" rule as an "injury-occurrence" or "occurrence" rule and explains that it "triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim." *Id.* (citing *Wallace*, 549 U.S. at 388). The court continued, "The Supreme Court has recited this rule in three § 1983 cases." *Id.* (citing *Reed v. Goertz*, 598 U.S. 230, 235-36 (2023); *McDonough* v. Smith, 588 U.S. 109, 114-15 (2019); *Wallace*, 549 U.S. at 388). "But our § 1983 cases have taken a different approach. We have suggested that the statute adopts a 'discovery rule,' not an 'occurrence rule.'" *Id.* (citing *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021)). The *Reguli* court then acknowledged that some of the Sixth Circuit's decisions have sent "mixed messages" regarding the discovery rule in § 1983 actions.[1] However, it concluded its analysis by stating that "[u]nder either

---

[1] The *Reguli* court explained that there were two lines of cases in the Sixth Circuit regarding the discovery rule – one line which holds that the statute of limitations begins to run when the plaintiff knows of the *injury* which forms the basis of his action and a second line which holds that the discovery rule starts the limitations period when the plaintiff knows, or should have known, of both his *injury* and the *cause* of that injury. *Id.* at 882-83.

4

approach to the discovery rule, our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim." *Id.* at 883.

In any event, it is clear in this case that, whether the Court applies the "occurrence" rule or either approach to the "discovery" rule, Plaintiff's retaliation claims accrued on the day in December 2021 when Defendants Levi Scott and Zachery Scott allegedly took his phone and computer in retaliation for filming them "live on Facebook." Thus, the complaint, which Plaintiff filed on August 7, 2024, is untimely as to these claims.

In a separate filing (DN 6), however, Plaintiff seems to suggest that he is entitled to equitable tolling as to these claims. The filing states that Plaintiff has been housed in an inpatient treatment facility that does not allow him access to a "law library" or his computer and that he would not be released from the facility until September 2024. And, indeed, on September 19, 2024, Plaintiff filed a notice of change of address with the Court (DN 7).

"In a § 1983 case, 'just as limitations periods are taken from state law, so are the rules regarding equitable tolling.'" *Patton v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:18-CV-00346-RGJ, at *15 (W.D. Ky. Feb. 25, 2021) (quoting *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007)). Federal courts utilize state tolling law in § 1983 cases. Id. As a result, this Court will apply Kentucky equitable tolling law to this case. Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations. *See Hill v. State Farm Ins. Co.*, 390 S.W.3d 153, 157 (Ky. App. 2012), *Stoner v. Percell*, 3:13-cv-00762-CRS, 2014 U.S. Dist. LEXIS 163189, at *13 (W.D. Ky. Nov. 20, 2014) (citing *Nanny v. Smith*, 260 S.W.3d 815, 817-18 (Ky. 2008)).

The Court finds that Plaintiff has failed to satisfy this equitable tolling standard. The events described above occurred in December 2021. The document filed by Plaintiff on September 6, 2024, indicates that he was housed in a facility that did not allow him access to a "law library" or his computer and that he would not be released from the facility until September 2024. This document does nothing to explain on what date Plaintiff was admitted to the facility and/or why he was unable to file an action regarding his retaliation claims prior to the date. Indeed, it contains no suggestion of diligence on Plaintiff's part. Moreover, the Sixth Circuit has held that "'allegations regarding insufficient library access, standing alone, do not warrant equitable tolling.'" *Smotherman v. United States*, No. 19-3189, 2020 U.S. App. LEXIS 21250, at *5 (6th Cir. July 8, 2020) (quoting *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003)).

Thus, the Court will dismiss Plaintiff's retaliation claims arising from the incident that allegedly occurred in December 2021 for failure to state a claim upon which relief may be granted because they are untimely. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

### 2. Defendant Zachery Scott

The Court also construes the complaint as asserting Fourth Amendment malicious prosecution claims; a Fourth Amendment false arrest claim; and a First Amendment retaliatory prosecution claim against Defendant Zachery Scott regarding the charge of sexual abuse for which Plaintiff states he was eventually acquitted. The Court will address these claims in turn.

### a. Malicious Prosecution

To successfully bring a § 1983 malicious prosecution claim under the Fourth Amendment, a plaintiff must plausibly allege four elements: "(1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Monson v. City of Detroit*, Nos. 22-2050/2122, 2024 U.S. App. LEXIS 642, at *18-19 (6th Cir. Jan. 8, 2024) (quoting *France v. Lucas*, 836 F.3d 612, 625 (6th Cir. 2016)).

The Court will begin and end its analysis with the second prong – probable cause. When a grand jury returns an indictment against a defendant, this creates a "presumption of probable cause," which is rebuttable by showing that:

(1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence;

(2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and

(3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury).

*King v. Harwood*, 852 F.3d 568, 587-88 (6th Cir. 2017).

Here, Plaintiff seems to allege that Defendant Zachery Scott fabricated his investigative reports, failed to conduct an adequate investigation, and falsely testified before the grand jury while relying upon the fabricated reports. The Court will address each claim in turn.

7

### 1) Falsification of Investigative Reports

Plaintiff alleges that Defendant Zachery Scott knew he lacked probable cause "so he doctored up his investigative reports to fabricate probable cause." Plaintiff, however, does not identify what information was false or fabricated in the reports or explain how they were material to the prosecution of Plaintiff. Indeed, although Plaintiff states that Defendant Zachery Scott knew he lacked probable cause when he testified before the grand jury "because [social services] had investigated bogas allegations 2 times, [and] both times found the allegations unsubstantiated, and did so after knowing a key witness had passed," Plaintiff does not connect this allegation to any specific fabrication in Defendant Zachery Scott's investigative reports. General statements alleging false, misleading, or fabricated evidence, without more, amount to vague conclusory allegations, "not specific allegations necessary to survive a motion to dismiss." *Rapp v Putman*, 644 F. App'x 621, 627 (6th Cir. 2016).

The Court finds that Plaintiff's falsification-of-investigative-report claim is too vague and conclusory to rebut the presumption of probable cause established by the indictment and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Meeks v. Larsen*, 611 F. App'x 277, 282-83 (6th Cir. 2015) (affirming dismissal of malicious prosecution claim where the plaintiffs asserted that false and misleading information led to their indictment but did identify what the false and misleading information was) (citing *Iqbal*, 556 U.S. at 678); *Briggs v. Hogan*, No. 3:17-CV-00537-JRW-CHL, 2020 U.S. Dist. LEXIS 154106, *4 (W.D. Ky. Aug. 25, 2020) (dismissing malicious prosecution claim based upon allegations that the defendants fabricated evidence as too conclusory to state a claim under *Iqbal* and *Twombly* because they did not say what evidence was fabricated); *Allen v. Rucker*, 304 F. Supp. 3d 638, 645 (E.D. Ky. Apr. 3, 2018) ("to plead that a defendant-officer made false statements or

fabricated evidence, . . . a plaintiff must tell the court what particular evidence was fabricated or what particular testimony was falsified").

### 2) Failure to Investigate

Plaintiff also generally alleges that Defendant Zachery Scott failed to conduct an adequate investigation before charging Plaintiff with sexual assault. The Sixth Circuit has allowed a malicious prosecution claim to proceed based upon the failure of the defendant officers to investigate critical evidence which would have exculpated the plaintiff. *Jones v. Clark Cnty.*, 690 F. App'x 334 (6th Cir. 2017). In that case, the plaintiff alleged that the defendant officer did not investigate the devices the officer had seized which would have shown that that they did not contain any evidence of child pornography before recommending charges which resulted in a grand jury indictment. The plaintiff argued that the officer had misled the prosecutor, as well as the grand jury, "through his deficient and reckless omission of material evidence, namely that [the defendant]'s electronic devices contained no pornography." *Id.* at 336. The court concluded, based upon these allegations, that the plaintiff's malicious prosecution claim should not have been dismissed.

Plaintiff does not state what evidence Defendant Zachery Scott would or should have discovered or how such evidence would have exculpated him. Thus, the Court concludes that Plaintiff's general allegation that Defendant Zachery Scott failed to properly investigate the charge against him is too vague and conclusory to state a claim upon which relief may be granted under *Iqbal* and *Twombly* and must be dismissed.

### 3) False Grand Jury Testimony

The Court next turns to Plaintiff's malicious prosecution claim based upon the allegation that Defendant Zachery Scott gave false testimony before the grand jury.

> Where a § 1983 malicious-prosecution claim is grounded solely on grand jury testimony . . . it is governed by *Rehberg v. Paulk*, 566 U.S. 356 (2012), which "announced the bright line rule that a grand jury witness, including a law enforcement officer, 'has absolute immunity from any § 1983 claim based on the witness'[s] testimony,' even if that testimony is perjurious." *Coggins v. Buonora*, 776 F.3d 108, 112 (2d Cir. 2015) (quoting *Rehberg*, 566 U.S. at 367).

*Hoschar v. Layne*, 647 F. App'x 632, 634 (6th Cir. May 10, 2016); *see also Kavanaugh v. Lexington Fayette Urb. Cnty. Gov't*, 638 F. App'x 446, 454 (6th Cir. 2015); *Vaughan v. City of Shaker Heights*, 514 F. App'x 611, 613 (6th Cir. 2013).

Accordingly, this claim against Defendant Zachery Scott fails to state a claim upon which relief may be granted because he has absolute immunity from any claim based upon his grand jury testimony.

### b. False Arrest

To prevail on a false arrest claim in violation of the Fourth Amendment, a plaintiff must show that he was arrested without probable cause. *See Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). For the reasons stated above, Plaintiff has failed to show that he was arrested without probable cause. *See also Ackley v. Howland Twp. Police Dep't*, No. 4:20CV0325, 2022 U.S. Dist. LEXIS 35058, at *14 (N.D. Ohio Feb. 28, 2022) (dismissing false arrest claim for failure to state a claim because the plaintiff failed to rebut the presumption of probable cause arising from her indictment by a grand a jury).

### c. Retaliatory Prosecution

Plaintiff also alleges that Defendant Zachery Scott retaliated against him for filing suit against other state troopers who were stationed at "Post 15" by initiating criminal charges against him. As stated above, there are three elements required to state a typical First Amendment retaliation claim: a plaintiff must allege facts showing that (1) he engaged in protected conduct; (2) the defendants took an adverse action against him that would deter a person of ordinary

10

firmness from engaging in the protected conduct; and (3) the defendants were motivated, at least in part, to take the adverse action because of the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. For a First Amendment retaliatory prosecution claim, a plaintiff must also show that the prosecution lacked probable cause. *Rapp*, 644 F. App'x at 624 (citing *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006); *Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006)).

This claim fails for the same reason Plaintiff's other claims against Defendant Zachery Scott have failed – because he has not rebutted the presumption of probable cause established by the indictment. Thus, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### C. Missing Property

Next, Plaintiff alleges that, upon his release from incarceration in October 2023, he discovered that some of his personal property had been lost.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process under § 1983, a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at

1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, because Plaintiff has adequate state-law remedies for the alleged loss of his property, he fails to state a constitutional claim upon which relief may be granted.

**D.     Conspiracy**

Finally, Plaintiff alleges that he believes "a larger conspiracy" exists because "Fayette County seems to have terminated [his] rights to his child without due process . . . ." Plaintiff states that he is unable to satisfy the Fed. R. Civ. P. 8 notice-pleading standard[2] with regard to his conspiracy claim at this time but will be able to after he accesses a "law library" and requests public records.

To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan; (2) that the alleged co-conspirator shared in the general conspiratorial objective; and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Am. Postal Workers Union Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). If a plaintiff fails to plead the conspiracy with some specificity, dismissal for failure to state a claim is appropriate. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

Plaintiff's conspiracy claim, as he seems to concede, is vague and conclusory; he does not identify which Defendants were involved in the alleged conspiracy, what their plan was, or any overt act in furtherance of the conspiracy. Thus, this claim must be dismissed for failure to state a claim upon which relief may be granted. *See Wortman v. Tenn. Bd. of Parole*, No. 20-5718, 2021 U.S. App. LEXIS 28979, at *8 (6th Cir. Sept. 23, 2021) (affirming district court's

---

[2] Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

dismissal of a conspiracy claim even though plaintiff argued discovery was necessary to support the claim because the district court's role under 28 U.S.C. § 1915 was "to screen and dismiss claims that failed to state a claim on which relief may be granted at the earliest opportunity").

### E. Defendants Unknown Actors, Post 15

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

The complaint contains no allegations against any state trooper assigned to "Post 15," other than Defendants Levi Scott and Zachery Scott. Thus, Plaintiff's claims against "Defendants Unknown Actors, Post 15" must be dismissed for failure to state a claim upon which relief may be granted.

### F.   Injunctive Relief

Plaintiff seeks injunctive relief in the form of a "fast and speedy trial" and "no double jeopardy." Although Plaintiff does not indicate that he has any charges pending against him, even if he did, any speedy trial challenges to pending criminal charges must be brought in a habeas corpus action, not a § 1983 action. *See, e.g.*, *Harrison v. Worthy*, No. 2:22-CV-12312, 2022 U.S. Dist. LEXIS 207101, at *5 (E.D. Mich. Nov. 15, 2022) ("Plaintiff's speedy trial challenge to his pending criminal charges can only be maintained by filing a pre-trial habeas petition pursuant to 28 U.S.C. § 2241.") (citing *Thomas v. Pugh*, 9 F. App'x 370, 371-72 (6th Cir. 2001)).

The same is true of Plaintiff's right to be free of double jeopardy. *See Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights, along with the right to be free of double jeopardy, whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus [pursuant to 28 U.S.C. § 2241].").

Thus, Plaintiff's requests for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, the Court will dismiss this action by separate order for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Date: February 3, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, pro se
      Defendants
4416.011